IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JEFFREY MALLY, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No: |
| v. | ) |
| | )   **ORIGINAL NOTICE** |
| MUSCATINE LOGISTICS LLC, | ) |
| | ) |
| Defendant. | ) |

TO THE ABOVE NAMED DEFENDANT:   **MUSCATINE LOGISTICS LLC, c/o C T Corporation System, 400 E. Court Ave., Des Moines, IA 50309**

You are hereby notified that there is now on file in the office of the clerk of the above court, a Petition in the above-entitled action, a copy of which Petition is attached hereto.  The plaintiff's attorney is  John F. Doak (AT0002143), Katz Nowinski P.C., whose address is 1000 - 36th Avenue, IL 61265, telephone:  309-797-3000, fax:  309-797-2167 and email:  jdoak@ katzlawfirm.com.

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file, a motion or answer in the Iowa District Court for Scott County, at the county courthouse in Davenport, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition.  This county utilizes electronic filing and you should refer to Iowa Court Rules Chapter 16 for general rules and information on electronic filing. (SEAL)

_____
CLERK OF THE COURT
Scott County Courthouse
Davenport, Iowa

If you require the assistance of auxiliary aids
or services to participate in court because of
a disability, immediately call your District ADA
Coordinator at 328-4145.  (If you are hearing
impaired, call Relay Iowa TTY at 1-800-735-
2942).

EXHIBIT
A

E-FILED  2020 SEP 29 8:32 AM MUSCATINE - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV025801

*County* Muscatine

*Case Title* JEFFREY MALLY V. MUSCATINE LOGISTICS LLC

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(563) 328-4145**   . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 09/29/2020 08:32:54 AM



*District Clerk of* Muscatine                    *County*

/s/ Traci Harper

E-FILED  2020 SEP 28 3:54 PM MUSCATINE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: |
| v. | ) | |
| | ) | **PETITION AT LAW** |
| MUSCATINE LOGISTICS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Jeffrey Mally, by and through his attorneys, Katz Nowinski, P.C., for his

Petition at Law against the Defendant, MUSCATINE LOGISTICS LLC, states:

## COUNT I - DISABILITY DISCRIMINATION UNDER THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

1. Plaintiff Jeffrey Mally ("Plaintiff" or "Mally") is and was a citizen of the State

of Iowa at all times relevant to this Complaint.

2. MUSCATINE LOGISTICS LLC ("Defendant" or "Muscatine Logistics") is

and was a foreign (Delaware) limited liability company authorized to do business in the

State of Iowa at all times relevant to this cause of action.

3. Plaintiff, at all times relevant to this cause of action, Mally was employed as a

fork truck driver by Defendant at its Muscatine, Muscatine County, Iowa, location, from

September 1993, until he was terminated on August 1, 2018.

4. Plaintiff timely filed his charge of discrimination with the Iowa Civil Rights

Commission ("ICRC") on December 24, 2018, and has been issued his Administrative

Release (Right to Sue) Letter by the ICRC, and has otherwise exhausted his

administrative remedies. (Exhibit 1, a true and correct copy of the "Administrative

1

E-FILED  2020 SEP 28 3:54 PM MUSCATINE - CLERK OF DISTRICT COURT

Release (Right to Sue) Letter" dated July 23, 2020, is attached hereto and made a part of this Complaint.)

5.  At all times material to this claim, plaintiff performed his job duties to the satisfaction of his employer.

6.  After almost 25 years of employment with defendant, in July, 2018, Plaintiff was newly diagnosed with Type II Diabetes.

7.  Plaintiff is a person with a disability or disabilities, specifically Type II Diabetes, which affects the functioning of his endocrine system, as well as the major life activities of eating, concentrating, and working, particularly the need to do blood sugar tests while at work, the need to have a set schedule for breaks so that he could eat on a regular schedule, have snacks available and the inability to work six hours straight without a break because of his need for both a blood sugar testing and eating on the regular schedule, as well as the major life activity of seeing.

8.  On or about July 17, 2018, after plaintiff had been off work earlier that week because he was not feeling well, plaintiff had blood work done at a doctor's appointment.

9.  On July 18, 2018, plaintiff received a voicemail from his doctor while he was at work indicating that the tests given the day before showed he had extremely high blood sugar and extremely low sodium and was to report to the closest ER as soon as possible.

10.  That same day and on his way out, plaintiff played the voicemail message to his warehouse manager, who gave plaintiff permission to leave work early go to the ER.

11.  Approximately three hours later, Mally called his warehouse manager to inform him he was in intensive care and would be off work until his blood sugar was

E-FILED  2020 SEP 28 3:54 PM MUSCATINE - CLERK OF DISTRICT COURT

under control; the warehouse manager did not answer but a man who referred to himself as his boss' boss told him he would relay the message.

12.  On July 18, 2018, plaintiff was diagnosed with Type II diabetes.

13.  Mally requested time off work to get his blood sugar under control.

14.  Mally additionally contacted Aetna, the administrator of defendant's plan, who represented that an e-mail had been sent to defendant's Human Resource Manager explaining that plaintiff's absence(s) should be covered under the Americans with Disabilities Act.

15.  Defendant received an e-mail from Aetna explaining that plaintiff's absence should be covered under the Americans with Disabilities Act.

16.  Aetna further informed plaintiff that Aetna sent an e-mail to defendant indicating that defendant needed to consider an ADA extension of time as an accommodation for plaintiff's diabetes disability.

17.  On July 26, 2018, plaintiff returned (or attempted to return) to work with a doctor's note covering his days off work.

18.  Defendant refused to allow plaintiff to return.

19.  On August 1, 2018, defendant terminated plaintiff.

20.  Defendant terminated plaintiff for absences covered under the doctor's note as well as the short term disability of which it had been advised by Aetna.

21. Defendant's alleged reason for termination was a pre-text to the real reason for plaintiff's termination.

22. Defendant terminated plaintiff because of his disability, diabetes or Type II diabetes.

E-FILED  2020 SEP 28 3:54 PM MUSCATINE - CLERK OF DISTRICT COURT

23. Defendant discriminated against plaintiff on the basis of his disability in violation of Iowa Code § 216.6.

24. As a direct and proximate result of defendant's acts of disability discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover his costs, including reasonable attorneys' fees and expert witness fees, pursuant to Iowa Code § 216.15.

WHEREFORE, Jeffrey Mally hereby requests that this Court enter judgment in his favor and against MUSCATINE LOGISTICS LLC, for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 216.15, and that the court grant such other and further equitable relief as the court deems necessary and appropriate.

**Plaintiff demands a trial by jury on all appropriate claims.**

JEFFREY MALLY,
Plaintiff,


By: /s/ John F. Doak
John F. Doak, No. AT0002143
Katz Nowinski P.C.
Attorneys for Plaintiff
1000 36th Avenue
Moline, IL 61265
Telephone: (309) 797-3000
Facsimile: (309) 797-3330
Email:  jdoak@katzlawfirm.com

## Administrative Release
### (Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| | ) | |
| MR. JEFFREY MALLY | ) | Iowa Civil Rights Commission |
| 1243 DALE STREET | ) | Grimes State Office Building |
| MUSCATINE, IA 52761 | ) | 400 E. 14th Street |
| | ) | Des Moines, Iowa 50319 |

| Complaint CP# 12-18-72972 | EEOC# 26A-2019-00210C |
|---|---|

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 7/23/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
　JOHN  F. DOAK, Complainant's Attorney
　SARAH J. MILLSAP, Respondent's Attorney
　MUSCATINE LOGISTICS
　ES3



E-FILED  2020 OCT 14 9:39 AM MUSCATINE - CLERK OF DISTRICT COURT

*POLK COUNTY SHERIFF'S OFFICE*  *SHERIFF KEVIN J. SCHNEIDER*

Civil Division | 222 – 5th Avenue Des Moines, IA, 50309      Sheriff's Office **(515) 286-3940** | Fax **(515) 286-3410**

## RETURN OF SERVICE
**In the IA District Court for MUSCATINE COUNTY COURT**

| JEFFREY MALLY | **VS** | MUSCATINE LOGISTICS LLC |
|---|---|---|

Sheriff #: 20024874
Case #: LACV025801
Received: 10/2/2020
Service Number: 70303

**STATE OF IOWA POLK COUNTY } §**

I certify that I served a copy of:
X ONP/Jury Demand


On: 10/9/2020 9:00:00 AM
To: MUSCATINE LOGISTICS LLC by delivering a copy to LISA DARRELL
       a person at least 18 years of age described as R/A
Manner Served: COMPANY REPRESENTATIVE
Address of Service: 400 E Court Ave, Des Moines, IA 50309
Notes:

<div align="center"><b>Attempts</b></div>

Date: 10/9/2020 9:00:00 AM
Address: 400 E Court Ave, Des Moines, IA 50309
Note:


| **FEES** | | **Kevin J Schneider, Sheriff of Polk County, Iowa** |
|---|---|---|
| | **Total: $61.15** | |

Deputy/Server: Jeffrey Funaro

E-FILED  2020 OCT 27 1:49 PM MUSCATINE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JEFFREY MALLY, | Case No. LACV025801 |
| Plaintiff, | |
| vs. | **NOTICE OF APPEARANCE** |
| MUSCATINE LOGISTICS, LLC, | |
| Defendant. | |

Brock J. Pohlmeier of the law firm of Jackson Lewis P.C., 10050 Regency Circle, Suite 400, Omaha, Nebraska 68114, hereby enters his appearance on behalf of Defendant, Muscatine Logistics, LLC, in the above-captioned matter.

DATED this 27th day of October, 2020.

Respectfully submitted,

MUSCATINE LOGISTICS, LLC, Defendants

*/s/ Brock J. Pohlmeier*
Sarah J. Millsap, AT0007538
Brock J. Pohlmeier, AT0014041
Jackson Lewis P.C.
10050 Regency Circle
Suite 400
Omaha, NE 68114
Brock.pohlmeier@jacksonlewis.com
Sarah.millsap@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

E-FILED  2020 OCT 27 1:49 PM MUSCATINE - CLERK OF DISTRICT COURT

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the court's electronic filing system which sent notification of such filing to the following:

John F. Doak
Katz Nowinski P.C.
1000 36th Avenue
Moline, IL  61265
jdoak@katzlawfirm.com

*/s/ Brock J. Pohlmeier*

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JEFFREY MALLY, | Case No. LACV025801 |
| Plaintiff, | |
| vs. | **NOTICE OF APPEARANCE** |
| MUSCATINE LOGISTICS, LLC, | |
| Defendant. | |

Sarah J. Millsap of the law firm of Jackson Lewis P.C., 10050 Regency Circle, Suite 400, Omaha, Nebraska 68114, hereby enters her appearance on behalf of Defendant, Muscatine Logistics, LLC, in the above-captioned matter.

DATED this 27th day of October, 2020.

Respectfully submitted,

MUSCATINE LOGISTICS, LLC, Defendants

*/s/ Sarah J. Millsap*
Sarah J. Millsap, AT0007538
Brock J. Pohlmeier, AT0014041
Jackson Lewis P.C.
10050 Regency Circle
Suite 400
Omaha, NE 68114
Brock.pohlmeier@jacksonlewis.com
Sarah.millsap@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

E-FILED  2020 OCT 27 1:52 PM MUSCATINE - CLERK OF DISTRICT COURT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the court's electronic filing system which sent notification of such filing to the following:

John F. Doak
Katz Nowinski P.C.
1000 36th Avenue
Moline, IL  61265
jdoak@katzlawfirm.com

*/s/ Sarah J. Millsap*

E-FILED  2020 OCT 27 2:35 PM MUSCATINE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JEFFREY MALLY, | )    Case No. LACV025801 |
| | ) |
| Plaintiff, | ) |
| | )    **DEFENDANT'S UNOPPOSED MOTION** |
| v. | )    **FOR ADDITIONAL TIME TO** |
| | )    **RESPONSIVELY PLEAD** |
| MUSCATINE LOGISTICS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

COMES NOW Defendant Muscatine Logistics, LLC ("Defendant"), by and through undersigned counsel, and hereby moves the Court, pursuant to Iowa Rule of Civil Procedure 1.441(6), for additional time to file its Responsive Pleading to Plaintiff's Petition at Law ("Petition").  In support hereof, Defendant states as follows:

1.      Plaintiff filed his Petition on September 28, 2020.

2.      Plaintiff served Defendant on October 9, 2020.

3.      Defendant's responsive pleading deadline is currently October 29, 2020.

4,      Defendant seeks a thirty (30) day extension to file a pleading responsive to Plaintiff's Petition.

5.      No prejudice or significant delay would occur if Defendant is provided through November 30, 2020 to responsively plead.

6.      Plaintiff has been consulted and does not oppose this request for extension.

WHEREFORE, Defendant requests the Court enter an order extending its responsive pleading deadline to November 30, 2020.

DATED this 27th day of October 2020.

Respectfully submitted,

MUSCATINE LOGISTICS, LLC,
Defendant

*/s/ Brock J. Pohlmeier*
Sarah J. Millsap, #AT0007538
Brock J. Pohlmeier, #AT0014041
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Ne 68114
Telephone:  (402) 391-1991
Facsimile:  (402) 391-7363
Email: sarah.millsap@jacksonlewis.com
Email: brock.pohlmeier@jacksonlewis.com

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the court's electronic filing system which sent notification of such filing to all parties of record.


*/s/ Brock J. Pohlmeier*


4837-2142-6128, v. 1

2

E-FILED  2020 OCT 27 4:10 PM MUSCATINE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | Case No. LACV025801 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING EXTENSION** |
| v. | ) | |
| | ) | |
| MUSCATINE LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

NOW ON THIS DAY, the Court having before it Defendant Muscatine Logistics, LLC'S ("Defendant") Unopposed Motion for Additional Time to Responsively Plead, and being fully advised in the premises, does hereby find that good cause exists and that the motion should be granted.

Defendant's responsive pleading deadline shall be extended to November 30, 2020.

IT IS SO ORDERED.

_____

District Court Judge

4848-4674-4784, v. 1

E-FILED  2020 OCT 27 4:10 PM MUSCATINE - CLERK OF DISTRICT COURT



State of Iowa Courts

**Type:**  OTHER ORDER

| **Case Number** | **Case Title** |
| --- | --- |
| LACV025801 | JEFFREY MALLY V. MUSCATINE LOGISTICS LLC |

So Ordered

Mark D. Cleve, District Court Judge,
Seventh Judicial District of Iowa

Electronically signed on 2020-10-27 16:10:41     page 2 of 2

**IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY**

| | |
|---|---|
| JEFFREY MALLY, | Case No. LACV025801 |
| Plaintiff, | |
| v. | **DEFENDANT'S UNOPPOSED MOTION FOR ADDITIONAL TIME TO RESPONSIVELY PLEAD** |
| MUSCATINE LOGISTICS, LLC, | |
| Defendant. | |

COMES NOW Defendant Muscatine Logistics, LLC ("Defendant"), by and through undersigned counsel, and hereby moves the Court, pursuant to Iowa Rule of Civil Procedure 1.441(6), for additional time to file its Responsive Pleading to Plaintiff's Petition at Law ("Petition"). In support hereof, Defendant states as follows:

1. Plaintiff filed his Petition on September 28, 2020.

2. Plaintiff served Defendant on October 9, 2020.

3. Defendant's responsive pleading deadline was originally October 29, 2020.

4. On October 27, 2020, this Court granted Defendant's Unopposed Motion for Additional Time to Responsively Plead, and extended Defendant's responsive pleading deadline to November 30, 2020.

5. Defendant seeks an additional thirty (30) day extension to file a pleading responsive to Plaintiff's Petition.

6. No prejudice or significant delay would occur if Defendant is provided through December 30, 2020 to responsively plead.

7. Plaintiff has been consulted and does not oppose this request for extension.

E-FILED  2020 NOV 25 11:57 AM MUSCATINE - CLERK OF DISTRICT COURT

WHEREFORE, Defendant requests the Court enter an order extending its responsive pleading deadline to December 30, 2020.

DATED this 25th day of November 2020.

Respectfully submitted,

MUSCATINE LOGISTICS, LLC,
Defendant

*/s/ Brock J. Pohlmeier*
Sarah J. Millsap, #AT0007538
Brock J. Pohlmeier, #AT0014041
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Ne 68114
Telephone:  (402) 391-1991
Facsimile:  (402) 391-7363
Email: sarah.millsap@jacksonlewis.com
Email: brock.pohlmeier@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, I electronically filed the foregoing with the Clerk of the Court using the court's electronic filing system which sent notification of such filing to all parties of record.

*/s/ Brock J. Pohlmeier*

4845-8318-4594, v. 2

2

E-FILED 2020 NOV 25 11:57 AM MUSCATINE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | Case No. LACV025801 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING EXTENSION** |
| v. | ) | |
| | ) | |
| MUSCATINE LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

NOW ON THIS DAY, the Court having before it Defendant Muscatine Logistics, LLC'S ("Defendant") Unopposed Motion for Additional Time to Responsively Plead, and being fully advised in the premises, does hereby find that good cause exists and that the motion should be granted.

Defendant's responsive pleading deadline shall be extended to December 30, 2020.

IT IS SO ORDERED.

_____
District Court Judge

4849-3583-3810, v. 1

Approved as to form:

Jeffrey Mally, Plaintiff

By:_____
   John F. Doak
   Katz Nowinski P.C.
   1000 – 36th Avenue
   Moline, IL 61265
   Email: jdoak@katzlawfirm.com

Muscatine Logistics, LLC, Defendant

By_____
   Brock J. Pohlmeier
   Jackson Lewis, P.C.
   10050 Regency Circle, Ste. 400
   Omaha, NE 68114
   Email: Brock.pohlmeier@jacksonlewis.com

E-FILED  2020 NOV 30 11:52 AM MUSCATINE - CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY**

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | Case No. LACV025801 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING EXTENSION** |
| v. | ) | |
| | ) | |
| MUSCATINE LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

NOW ON THIS DAY, the Court having before it Defendant Muscatine Logistics, LLC'S ("Defendant") Unopposed Motion for Additional Time to Responsively Plead, and being fully advised in the premises, does hereby find that good cause exists and that the motion should be granted.

Defendant's responsive pleading deadline shall be extended to December 30, 2020.

IT IS SO ORDERED.

4849-3583-3810, v. 1

E-FILED  2020 NOV 30 11:52 AM MUSCATINE - CLERK OF DISTRICT COURT



State of Iowa Courts

**Type:**                     OTHER ORDER

| **Case Number** | **Case Title** |
| --- | --- |
| LACV025801 | JEFFREY MALLY V. MUSCATINE LOGISTICS LLC |

So Ordered

Tom Reidel, District Court Judge,
Seventh Judicial District of Iowa

Electronically signed on 2020-11-30 11:52:21     page 2 of 2

E-FILED  2020 DEC 30 2:09 PM MUSCATINE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | Case No. LACV025801 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER TO PETITION AND** |
| v. | ) | **AFFIRMATIVE DEFENSES** |
| | ) | |
| MUSCATINE LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW Defendant Muscatine Logistics, LLC ("Defendant"), by and through undersigned counsel, and, pursuant to Iowa Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to Plaintiff Jeffrey Mally's ("Plaintiff") Petition at Law ("Petition") and states as follows:

### COUNT 1 – DISABILITY DISCRIMINATION UNDER THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, ET SEQ.

1.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 1 and, therefore, denies same.

2.     Defendant admits the allegations set forth in Paragraph 2.

3.     Defendant denies the allegations set forth in Paragraph 3. Further answering, Defendant avers that it employed Plaintiff as a forklift driver from June 2004 until his employment was terminated on August 1, 2018.

4.     Defendant admits Plaintiff filed a charge of discrimination on December 24, 2018 and received an Administrative Release from the Iowa Civil Rights Commission dated July 23, 2020. Defendant denies the remaining allegations set forth in Paragraph 4.

5.     Defendant denies the allegations set forth in Paragraph 5.

6.     Defendant denies that it employed Plaintiff for almost 25 years. Further answering, Defendant avers that it employed Plaintiff as a forklift driver from June 2004 until his employment was terminated on August 1, 2018. Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 6 and, therefore, denies same.

7.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 7 and, therefore, denies same.

8.     Defendant denies that Plaintiff was off work prior to July 17, 2018 because he was not feeling well. Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 8 and, therefore, denies same.

9.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 9 and, therefore, denies same.

10.     Defendant denies the allegations set forth in Paragraph 10.

11.     Defendant denies the allegations set forth in Paragraph 11.

12.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 12 and, therefore, denies same.

13.     Defendant denies the allegations set forth in Paragraph 13.

14.     Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 14 and, therefore, denies same.

15.     Defendant denies the allegations set forth in Paragraph 15.

16.     Defendant denies that Aetna sent it an email indicating that Defendant "needed to consider an ADA extension of time as an accommodation for Plaintiff's diabetes disability."

E-FILED 2020 DEC 30 2:09 PM MUSCATINE - CLERK OF DISTRICT COURT

Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 16 and, therefore, denies same.

16.   Defendant denies the allegations set forth in Paragraph 17.

18.   Defendant denies the allegations set forth in Paragraph 18.

19.   Defendant admits that allegations set forth in Paragraph 19.

20.   Defendant denies the allegations set forth in Paragraph 20.

21.   Defendant denies the allegations set forth in Paragraph 21.

22.   Defendant denies the allegations set forth in Paragraph 22.

23.   Defendant denies the allegations set forth in Paragraph 23.

24.   Defendant denies the allegations set forth in Paragraph 24.

Defendant denies that Plaintiff is entitled to the relief requested in his unnumbered prayer for relief or any relief against Defendant whatsoever.

## JURY DEMAND

Defendant admits Plaintiff seeks a jury trial in this matter.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations and inferences contained in Plaintiff's Petition are hereby denied.

## AFFIRMATIVE DEFENSES[1]

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a cause of action upon which relief may be granted and fails to allege sufficient facts necessary to state a claim.

---

[1] By asserting these defenses, Defendant does not intend to shift the applicable burden of proof regarding Plaintiff's claims.

E-FILED  2020 DEC 30 2:09 PM MUSCATINE - CLERK OF DISTRICT COURT

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for damages fails, in whole or in part, because he has failed to mitigate his alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's own acts or omissions caused or contributed to any damages he claims he incurred.

## FOURTH AFFIRMATIVE DEFENSE

To the extent discovery may disclose a factual basis for this defense, any recovery on Plaintiff's Petition as a whole, and each purported cause of action alleged therein, is barred in whole or part by the after-acquired evidence doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Petition as a whole, and each purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

At all times pertinent herein, Plaintiff was not a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8), and therefore he has no standing to initiate this action and no right to any relief under the A.D.A.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was a qualified individual with a disability as defined by the A.D.A., Defendant had no knowledge thereof.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff never requested or sought a reasonable accommodation.

E-FILED  2020 DEC 30 2:09 PM MUSCATINE - CLERK OF DISTRICT COURT

## NINTH AFFIRMATIVE DEFENSE

Defendant's decision to terminate Plaintiff's employment was based on legitimate, non-discriminatory reasons.

Defendant intends to rely on any other defenses that may become available, appear during, or are the result of further action in this matter, and hereby reserves its right to amend this Answer to assert such defenses.

WHEREFORE, having fully answered the Petition, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's Petition with prejudice, and enter an order granting to the Defendant its attorneys' fees, costs, and expenses incurred in defending this action, as well as any other relief the Court deems just and equitable under the circumstances.

DATED this 30th day of December 2020.

Respectfully submitted,

MUSCATINE LOGISTICS, LLC,
Defendant

*/s/ Brock J. Pohlmeier*
Sarah J. Millsap, #AT0007538
Brock J. Pohlmeier, #AT0014041
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Ne 68114
Telephone:  (402) 391-1991
Facsimile:  (402) 391-7363
Email: sarah.millsap@jacksonlewis.com
Email: brock.pohlmeier@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

E-FILED  2020 DEC 30 2:09 PM MUSCATINE - CLERK OF DISTRICT COURT

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the court's electronic filing system which sent notification of such filing to all parties of record.

*/s/ Brock J. Pohlmeier*

4837-7732-3221, v. 1

6

**Rule 23.5—Form 2:** *Trial Scheduling and Discovery Plan*

**Do not** file this form in an Expedited Civil Action case, instead use Form 3.

- This form is to be filed within 7 days after the parties' discovery conference and before the trial-setting conference with the court.

- The parties should complete the entire form except as otherwise indicated.

---

## In the Iowa District Court for _____ County

No._____

### Trial Scheduling and Discovery Plan

*Use of this form is mandatory*

**Plaintiff(s) / Petitioner(s)**
*Full name: first, middle, last*

Date Petition filed:_____/ _____/ _____
                            *mm*     *dd*     *yyyy*

vs.

Case type: ☐ Law   ☐ Equity   ☐ Other
                ☐ PCR   ☐ Judicial Review

Trial type: ☐ Jury   ☐ Nonjury

Expected trial length: _____ days

**Defendant(s) / Respondent(s).**
*Full name: first, middle, last*

The amount in controversy exceeds $10,000.   ☐ Yes   ☐ No

## Appearances:
### Plaintiff(s) / Petitioner(s)

_____

_____

### Defendant(s) / Respondent(s)

_____

_____

## It is ordered:

**1. Trial**   *Note to parties: Unless you have obtained a trial date from court administration, leave this date blank; the court will enter the date after the trial-setting conference.*

Trial of this case is set for _____ _____, 20 _____, at _____:_____   ☐ a.m.
                                  *Month*        *Day*       *Year*       *Time*      ☐ p.m.

in the district court in the courthouse of the county named above.

**2. Pretrial conference**   *Check one. Note to parties: If box A is checked, leave the date blank unless you have obtained a pretrial conference date from court administration. If you do not have a pretrial conference date and check box A, the court will enter the date, by order, after the trial-setting conference.*

A.   A pretrial conference will be held on _____ _____, 20_____, at _____:_____   ☐ a.m.
                                        *Month*      *Day*    *Year*    *Time*    ☐ p.m.

        The conference may be held telephonically with prior approval of the court.

B.   A pretrial conference will be held upon request.

**3. New parties**   *List the time period or date when no new parties may be added.*

No new parties may be added later than 180 days before trial or by _____.

---

If you need assistance to participate in court due to a disability, contact the disability coordinator at: (_____) _____ Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). Disability coordinators cannot provide legal advice. Disability coordinator contact information available at: http://www.iowacourts.gov/Administration/Directories/ADA_Access/

E-FILED  2021 JAN 27 1:31 PM MUSCATINE - CLERK OF DISTRICT COURT

*Rule 23.5—Form 2: Trial Scheduling and Discovery Plan, continued*

**4.   Transcripts and records**

All required agency records or prior criminal transcripts will be filed within 30 days of the date of this Plan or by _____.

**5.   Pleadings** *List the time period or date pleadings will be closed.*

Pleadings will be closed 60 days before trial or by _____.

**6.   Initial disclosures** *Check all that apply*

A. ☐  The parties have exchanged initial disclosures.

B. ☐  The parties will provide initial disclosures no later than _____.

C. ☐  The parties have stipulated that the following will not be included in initial disclosures:
*List items not included*

_____

_____

D. ☐  The parties have stipulated not to provide any initial disclosures.

E. ☐  The following party objects to providing initial disclosures on the following grounds:
*Identify the party and state all applicable grounds*

_____

_____

**7.   Discovery**

The parties have held a discovery conference as required by Iowa Rule of Civil Procedure 1.507.

All written discovery will be served no later than 90 days before trial. All depositions will be completed no later than 60 days before trial.  Or, all discovery will be completed by

_____.

*Check all that apply*

A. ☐  No discovery of electronically stored information is expected in this case.

B. ☐  The parties have conferred about discovery of electronically stored information and reached agreement as set out in Attachment _____.

C. ☐  The parties have conferred about discovery of electronically stored information and have been unable to reach an agreement.  *Note to parties: If box* C *is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

A hearing is set for _____ /_____ /_____, at: _____:_____    ☐ a.m.
                     *mm*      *dd*      *yyyy*        *Time*              ☐ p.m.

☐  at the _____ County Courthouse, courtroom _____, or
         *County*                                          *Courtroom number*

☐  at the following location: _____.

D. ☐  The parties have agreed to a discovery plan, and their agreement is set forth in Attachment ___.

E. ☐  The parties have agreed to deviate from the limits on discovery otherwise applicable to this action, and their agreement is set forth in Attachment ___.

F. ☐  The parties have agreed to conduct discovery in phases, and their agreement is set forth in Attachment _____.

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan,* continued

G. ☐ The parties have reached an agreement under Iowa Rule of Evidence 5.502 as set forth in Attachment ____.

H. ☐ The parties have reached an agreement under Iowa Rule of Civil Procedure 1.504 as set forth in Attachment ____.

I. ☐ The parties have conferred about a discovery plan and have been unable to reach agreement on the issues set forth in Attachment ____. *Note to parties: If box* I *is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

A hearing is set for _____ /_____ /_____ , at: _____:_____ ☐ a.m.
                         *mm*      *dd*      *yyyy*       *Time*          ☐ p.m.

    ☐ at the _____ County Courthouse, courtroom _____ , or
                 *County*                                 *Courtroom number*

    ☐ at the following location: _____.

## 8. Expert witnesses

A. A party who intends to call an expert witness, including rebuttal expert witnesses, shall certify to the court and all other parties the expert's name, subject matter of expertise, and qualifications, within the following time period, unless the Iowa Code requires an earlier designation date (*see, e.g.,* Iowa Code section 668.11):

(1) Plaintiff: 210 days before trial or by _____.

(2) Defendant/Third Party Plaintiff: 150 days before trial or by _____.

(3) Third Party Defendant/Others/Rebuttal: 90 days before trial or by _____.

B. Any disclosures required by Iowa Rule of Civil Procedure 1.500(2)(*b*) will be provided:
*Check each that applies*

(1) ☐ At the same time the expert is certified.

(2) ☐ According to the following schedule:

    a. Plaintiff:____ days before trial or by _____.

    b. Defendant/Third Party Plaintiff:____ days before trial or by _____.

    c. Third Party Defendant/Others/Rebuttal:____ days before trial or by

    _____.

C. This section does not apply to court-appointed experts.

*The deadlines listed in paragraphs  5, 6, 7, and 8 may be amended, without further leave of court, by filing a Stipulated Amendment to this Plan listing the dates agreed upon and signed by all attorneys and self-represented litigants. Such Stipulated Amendment may not override any requirement of the Iowa Court Rules and cannot serve as a basis for a continuance of the trial date or affect the date for pretrial submissions.*

## 9. Pretrial submissions

At least **14 or** ____ (the parties may enter another number but not less than **7**) **days before trial**, counsel for the parties and self-represented litigants must:

A. File a **witness and exhibit** list with the clerk of court, serve a copy on opposing counsel and self-represented litigants, and exchange exhibits. In electronic cases, witness and exhibit lists must be electronically filed, and the EDMS system will serve copies on all registered parties.

Exhibits must be electronically submitted in lieu of exchanging them. These disclosures must include the following information about the evidence that the disclosing party may present at trial other than solely for impeachment:

(1)  The name and, if not previously provided, the address, telephone numbers, and electronic mail address of each witness, separately identifying those the party expects to present and those the party may call if the need arises.

(2)  The page and line designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition.

(3)  An identification of each document or other exhibit, including summaries of other evidence, separately identifying those items the party expects to offer and those it may offer if the need arises.  The following rules govern exhibits and exhibit lists:

    a.  Plaintiff will use numbers and Defendant will use letters.  Pretrial exhibit lists will identify each exhibit by letter or number and description.  Exhibits must be marked before trial.

    b.  Immediately before commencement of trial, the court must be provided with a bench copy, and the court reporter with a second copy, of the final exhibit list for use in recording the admission of evidence.

    c.  In nonjury cases, immediately before commencement of trial, parties must provide the court with a bench copy of all exhibits identified on the exhibit lists.

    d.  Within 7 days after the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial, counsel and self-represented litigants must file with the clerk of court, and serve on each party, any identification, authentication, and foundation objections to the exhibits listed; otherwise such objections are deemed **waived** for trial purposes.  In electronic cases, any identification, authentication, and foundation objections will be electronically filed, and the EDMS system will serve copies on all registered parties.  Electronic filing of these objections must be done within 7 days of the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial; otherwise, such objections are deemed **waived** for trial purposes.

B.  File and serve **motions in limine**, with supporting legal authority.

C.  File and serve **all proposed jury instructions** in a form to be presented to the jury, including a statement of the case, the stock jury instruction numbers, and verdict forms. The court must be provided the instructions in written form and electronically.

D.  Deliver to the judge and serve a concise **trial brief** addressing factual, legal, and evidentiary issues, with citation to legal authorities.

## 10.  Motions

All motions including motions for summary judgment and except motions in limine, must be filed with the clerk of court's office or electronically filed at https://www.iowacourts.state.ia.us/EFile/ at least 60 days before trial, with copies to the assigned judge.

## 11.  Settlement conference *Note to parties: If* A *or* B *is checked, leave any date blank; the court will enter the settlement conference date, by order, after the trial-setting conference.*

    ☐ a.m.

A.  ☐  A settlement conference will be held on _____ ____, 20___, at _____:_____   ☐ p.m.
                              *Month*      *Day*    *Year*    *Time*

    at the _____ County Courthouse.

    All parties with authority to settle must be present.

    ☐ a.m.

B.  ☐  A settlement conference will be held on _____ ____, 20___, at _____:_____   ☐ p.m.
                              *Month*      *Day*    *Year*    *Time*

    at the following location _____.

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

All parties with authority to settle must be present.

C. ☐ A settlement conference will occur at a date, time, and location arranged by the parties.

All parties with authority to settle must be present.

D. ☐ A settlement conference will be held upon request.

The parties are encouraged to consider alternative dispute resolution including private mediation or arbitration.

## 12. Settlements

The parties are responsible for immediately notifying the court administrator of settlement.

## 13. Late settlement fees

Late settlement fees under Iowa Rule of Civil Procedure 1.909 are applicable.

## 14. Continuances

Continuances are discouraged and will only be granted for good cause.  Motions to continue are governed by Iowa Rule of Civil Procedure 1.910.  In the event the trial date is continued, all time deadlines in this Plan and any Stipulated Amendments remain in effect relative to the new trial date unless the court approves new deadlines.

## 15. Notice

Failure to comply with any of the provisions of this Plan or Stipulated Amendments to this Plan may result in the court imposing sanctions pursuant to Iowa Rule of Civil Procedure 1.602(5), including limitation and exclusion of evidence and witnesses and payment of costs or attorney fees.  The court will resolve disputes regarding oral agreements on scheduling by reference to this Plan or any Stipulated Amendments to this Plan.

## 16. Other *List additional agreements of the parties for the Trial Scheduling and Discovery Plan*

*At least one signature to the Trial Scheduling and Discovery Plan is required. The signer certifies that all listed parties have joined in this Trial Scheduling and Discovery Plan, subject to any objections noted.*

I certify that all parties and attorneys to this action have agreed to this Trial Scheduling and Discovery Plan and have been served with a copy.

_____  _____, 20____  /s *Sarah J. Millsap/Brock J. Pohlmeier*
Signed:            Month        Day        Year        *Party's or attorney's signature*

_____  _____
*Printed name*                    *Attorney's law firm, if applicable*

_____  _____  _____  _____
*Mailing address*                 *City*              *State*  *ZIP code*

(_____) _____  _____  _____
*Phone number*                *Email address*        *Additional email address, if available*

E-FILED  2021 JAN 27 1:31 PM MUSCATINE - CLERK OF DISTRICT COURT

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

Original filed with the clerk of court or electronically filed at https://www.iowacourts.state.ia.us/EFile/.

Copies to: counsel of record, self-represented litigants, and court administration.

For questions regarding documents filed with the court in this case, please see www.judicial.state.ia.us/Online_Court_Services/Online_Docket_Record/ or call the clerk of court.

## IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | Case No. LACV025801 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ATTACHMENT "A" TO TRIAL** |
| v. | ) | **SCHEDULING AND DISCOVERY PLAN** |
| | ) | |
| MUSCATINE LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I.    AGREEMENT ON DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")

The parties believe that there may be electronically stored information relevant to the

matters in this case in the possession of either or both parties. As such:

   a.    The parties anticipate voluntary cooperation with respect to retention and production of relevant ESI in their possession, and assistance with identifying the potential custodians of relevant and discoverable ESI;

   b.    The parties will utilize reasonable efforts to retrieve relevant electronically stored information from sources and to respond to discovery requests and will exercise reasonable diligence in the acquisition of all ESI;

   c.    The parties do not yet know whether computerized searches of email accounts or other computerized searches will be necessary, but if such searches are necessary, the parties agree to cooperate regarding computerized searches including the identification of accounts, servers, or databases to be searched, and search terms to be used in the searches; and

   d.    The parties do not currently anticipate the need for any cost sharing arrangements relating to the costs of producing, reviewing, retrieving, or storing ESI.

If any further needs regarding ESI arise, the parties will endeavor to address such issues

prior to seeking the Court's assistance.

E-FILED  2021 JAN 27 1:31 PM MUSCATINE - CLERK OF DISTRICT COURT

## II.     DISCOVERY PLAN

The parties have conferred as required by Iowa Rule of Civil Procedure 1.507. The parties do not anticipate a need at this time for limited discovery, phased discovery, or a deviation from the standard discovery deadlines.

4818-5972-0150, v. 1

E-FILED  2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: LACV 025801 |
| v. | ) | |
| | ) | **MOTION FOR LEAVE TO FILE** |
| | ) | **AMENDED PETITION AT LAW** |
| MUSCATINE LOGISTICS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Jeffrey Mally, by and through his attorneys, Katz Nowinski, P.C., for his Motion for Leave to File Amended Petition at Law against the Defendant, MUSCATINE LOGISTICS LLC, pursuant to I.C.A. Rule 1.402(4), states:

1.  Plaintiff originally filed his Petition at Law in the Iowa District Court for Scott County on September 28, 2020.

2.  After service on October 9, 2020, defendant appeared and moved for and was granted an extension of time to answer on October 27, 2020.

3.  On November 18, 2020, the Equal Employment Opportunity Commission ("EEOC") issued plaintiff his Notice of Right to Sue.

4.  After this Court granted defendant a second extension, defendant filed its Answer on December 30, 2020.

5.  Pursuant to Rule 1.402(4), after an answer, "a party may amend its pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires."

6.  Plaintiff moves this Court for leave to file an Amended Complaint to add his federal (ADA) claim upon receipt of his EEOC Notice of Right -to-Sue dated November 18, 2020.

1

7.   Specifically, Plaintiff's proposed Amended Complaint merely adds as Count II a cause of action for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12111, *et. seq.*, which he now can bring pursuant to the EEOC's "Notice of Right to Sue."

8.   A proposed Amended Petition at Law is attached hereto as Exhibit 1.

WHEREFORE, Plaintiff Jeffrey Mally requests that this Court grant him leave to file his Amended Petition at Law, a copy of which is attached as Exhibit 1, that the Amended Petition at Law be deemed filed as of the date of order granting said motion, and upon entry of an order allowing the Amended Petition at Law, the defendant be given an appropriate amount of time to plead in response.

<div style="margin-left:40%">

JEFFREY MALLY,
Plaintiff,


By: /s/ John F. Doak
    John F. Doak, No. AT0002143
    Katz Nowinski P.C.
    Attorneys for Plaintiff
    1000 36th Avenue
    Moline, IL 61265
    Telephone: (309) 797-3000
    Facsimile: (309) 797-3330
    Email:  jdoak@katzlawfirm.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Sarah J. Millsap, #AT0007538
Email: sarah.millsap@jacksonlewis.com
Brock J. Pohlmeier, #AT0014041
Email: brock.pohlmeier@jacksonlewis.com


<div style="margin-left:40%">

 /s/ John F. Doak

</div>

2

E-FILED  2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

# EXHIBIT 1

E-FILED 2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No:  LACV 025801 |
| v. | ) | |
| | ) | **AMENDED** |
| MUSCATINE LOGISTICS LLC, | ) | **PETITION AT LAW** |
| | ) | |
| Defendant. | ) | |

Plaintiff, Jeffrey Mally, by and through his attorneys, Katz Nowinski, P.C., for his

Amended Petition at Law against the Defendant, MUSCATINE LOGISTICS LLC, states:

## COUNT I - DISABILITY DISCRIMINATION UNDER THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

1. Plaintiff Jeffrey Mally ("Plaintiff" or "Mally") is and was a citizen of the State

of Iowa at all times relevant to this Complaint.

2. MUSCATINE LOGISTICS LLC ("Defendant" or "Muscatine Logistics") is

and was a foreign (Delaware) limited liability company authorized to do business in the

State of Iowa at all times relevant to this cause of action.

3. Plaintiff, at all times relevant to this cause of action, Mally was employed as a

fork truck driver by Defendant at its Muscatine, Muscatine County, Iowa, location, from

September 1993, until he was terminated on August 1, 2018.

4. Plaintiff timely filed his charge of discrimination with the Iowa Civil Rights

Commission ("ICRC") on December 24, 2018, and has been issued his Administrative

Release (Right to Sue) Letter by the ICRC, and has otherwise exhausted his

administrative remedies.  (Exhibit 1, a true and correct copy of the "Administrative

E-FILED 2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

Release (Right to Sue) Letter" dated July 23, 2020, is attached hereto and made a part of this Complaint.)

    5.  At all times material to this claim, plaintiff performed his job duties to the satisfaction of his employer.

    6.  After almost 25 years of employment with defendant, in July, 2018, Plaintiff was newly diagnosed with Type II Diabetes.

    7.  Plaintiff is a person with a disability or disabilities, specifically Type II Diabetes, which affects the functioning of his endocrine system, as well as the major life activities of eating, concentrating, and working, particularly the need to do blood sugar tests while at work, the need to have a set schedule for breaks so that he could eat on a regular schedule, have snacks available and the inability to work six hours straight without a break because of his need for both a blood sugar testing and eating on the regular schedule, as well as the major life activity of seeing.

    8.  On or about July 17, 2018, after plaintiff had been off work earlier that week because he was not feeling well, plaintiff had blood work done at a doctor's appointment.

    9.  On July 18, 2018, plaintiff received a voicemail from his doctor while he was at work indicating that the tests given the day before showed he had extremely high blood sugar and extremely low sodium and was to report to the closest ER as soon as possible.

    10.  That same day and on his way out, plaintiff played the voicemail message to his warehouse manager, who gave plaintiff permission to leave work early go to the ER.

    11.  Approximately three hours later, Mally called his warehouse manager to inform him he was in intensive care and would be off work until his blood sugar was

E-FILED 2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

under control; the warehouse manager did not answer but a man who referred to himself as his boss' boss told him he would relay the message.

12. On July 18, 2018, plaintiff was diagnosed with Type II diabetes.

13. Mally requested time off work to get his blood sugar under control.

14. Mally additionally contacted Aetna, the administrator of defendant's plan, who represented that an e-mail had been sent to defendant's Human Resource Manager explaining that plaintiff's absence(s) should be covered under the Americans with Disabilities Act.

15. Defendant received an e-mail from Aetna explaining that plaintiff's absence should be covered under the Americans with Disabilities Act.

16. Aetna further informed plaintiff that Aetna sent an e-mail to defendant indicating that defendant needed to consider an ADA extension of time as an accommodation for plaintiff's diabetes disability.

17. On July 26, 2018, plaintiff returned (or attempted to return) to work with a doctor's note covering his days off work.

18. Defendant refused to allow plaintiff to return.

19. On August 1, 2018, defendant terminated plaintiff.

20. Defendant terminated plaintiff for absences covered under the doctor's note as well as the short term disability of which it had been advised by Aetna.

21. Defendant's alleged reason for termination was a pre-text to the real reason for plaintiff's termination.

22. Defendant terminated plaintiff because of his disability, diabetes or Type II diabetes.

E-FILED 2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

23. Defendant discriminated against plaintiff on the basis of his disability in violation of Iowa Code § 216.6.

24. As a direct and proximate result of defendant's acts of disability discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover his costs, including reasonable attorneys' fees and expert witness fees, pursuant to Iowa Code § 216.15.

WHEREFORE, Jeffrey Mally hereby requests that this Court enter judgment in his favor and against MUSCATINE LOGISTICS LLC, for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 216.15, and that the court grant such other and further equitable relief as the court deems necessary and appropriate.

## COUNT II - DISABILITY DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111, *Et. Seq.*.

1. Plaintiff Jeffrey Mally ("Plaintiff" or "Mally") is and was a citizen of the State of Iowa at all times relevant to this Complaint.

2. MUSCATINE LOGISTICS LLC ("Defendant" or "Muscatine Logistics") is and was a foreign (Delaware) limited liability company authorized to do business in the State of Iowa at all times relevant to this cause of action.

3. Plaintiff, at all times relevant to this cause of action, Mally was employed as a fork truck driver by Defendant at its Muscatine, Muscatine County, Iowa, location, from September 1993, until he was terminated on August 1, 2018.

E-FILED  2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

4.  Plaintiff timely filed his charge of discrimination with the Iowa Civil Rights Commission ("ICRC") and the Equal Employment Opportunity Commission ("EEOC") on December 24, 2018, and has been issued his Administrative Release (Right to Sue) Letter by the EEOC, and has otherwise exhausted his administrative remedies.  (Exhibit 2, a true and correct copy of the "Notice of Right to Sue" dated November 18, 2020, is attached hereto and made a part of this Complaint.)

5.  At all times material to this claim, plaintiff performed his job duties to the satisfaction of his employer.

6.  After almost 25 years of employment with defendant, in July, 2018, Plaintiff was newly diagnosed with Type II Diabetes.

7.  Plaintiff is a person with a disability or disabilities, specifically Type II Diabetes, which affects the functioning of his endocrine system, as well as the major life activities of eating, concentrating, and working, particularly the need to do blood sugar tests while at work, the need to have a set schedule for breaks so that he could eat on a regular schedule, have snacks available and the inability to work six hours straight without a break because of his need for both a blood sugar testing and eating on the regular schedule, as well as the major life activity of seeing.

8.  On or about July 17, 2018, after plaintiff had been off work earlier that week because he was not feeling well, plaintiff had blood work done at a doctor's appointment.

9.  On July 18, 2018, plaintiff received a voicemail from his doctor while he was at work indicating that the tests given the day before showed he had extremely high blood sugar and extremely low sodium and was to report to the closest ER as soon as possible.

E-FILED  2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

10.   That same day and on his way out, plaintiff played the voicemail message to his warehouse manager, who gave plaintiff permission to leave work early go to the ER.

11.   Approximately three hours later, Mally called his warehouse manager to inform him he was in intensive care and would be off work until his blood sugar was under control; the warehouse manager did not answer but a man who referred to himself as his boss' boss told him he would relay the message.

12.   On July 18, 2018, plaintiff was diagnosed with Type II diabetes.

13.   Mally requested time off work to get his blood sugar under control.

14.   Mally additionally contacted Aetna, the administrator of defendant's plan, who represented that an e-mail had been sent to defendant's Human Resource Manager explaining that plaintiff's absence(s) should be covered under the Americans with Disabilities Act.

15.   Defendant received an e-mail from Aetna explaining that plaintiff's absence should be covered under the Americans with Disabilities Act.

16.   Aetna further informed plaintiff that Aetna sent an e-mail to defendant indicating that defendant needed to consider an ADA extension of time as an accommodation for plaintiff's diabetes disability.

17.   On July 26, 2018, plaintiff returned (or attempted to return) to work with a doctor's note covering his days off work.

18.   Defendant refused to allow plaintiff to return.

19.   On August 1, 2018, defendant terminated plaintiff.

20.   Defendant terminated plaintiff for absences covered under the doctor's note as well as the short-term disability of which it had been advised by Aetna.

E-FILED  2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

21. Defendant's alleged reason for termination was a pre-text to the real reason for plaintiff's termination.

22. Defendant terminated plaintiff because of his disability, diabetes or Type II diabetes.

23. Pursuant to 42 U.S.C. § 12112: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

24. Plaintiff is an employee who, pursuant to 42 U.S.C. § 12111, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds …"

25. Defendant is an employer as that term is defined in the ADA, 42 U.S.C. § 12111, because it is "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."

26. Defendant violated 42 U.S.C. § 12112, in that it has discriminated against plaintiff on the basis of his disability and/or by disparately treating him on the basis of his known disability or disabilities.

27. As a direct and proximate result of the disability discrimination, plaintiff has suffered damages in the form of loss of enjoyment of life, emotional pain and suffering in the past, present and future.

28. Plaintiff is also entitled to recover his costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000-e(5)(k).

E-FILED 2021 FEB 08 9:24 AM MUSCATINE - CLERK OF DISTRICT COURT

29.  Plaintiff is also seeking an award of punitive or exemplary damages due to defendant's intentional acts of disability discrimination.

30.  In support of awarding punitive damages, plaintiff alleges that defendant's conduct demonstrates intentional or willful misconduct or a gross indifference to, or a reckless disregard of, the public policy of this State that employees are to be free from discrimination or ternmination based on disability; defendant's conduct targets the financially vulnerable and the conduct is the result of intentional malice.

WHEREFORE, Jeffrey Mally hereby requests that this Court enter judgment in his favor and against MUSCATINE LOGISTICS LLC, for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000-e(5)(k), punitive damages, and that the court grant such other and further equitable relief as the court deems necessary and appropriate. **Plaintiff demands a trial by jury on all appropriate claims.**

JEFFREY MALLY,
Plaintiff,


By: /s/ John F. Doak
John F. Doak, No. AT0002143
Katz Nowinski P.C.
Attorneys for Plaintiff
1000 36th Avenue
Moline, IL 61265
Telephone: (309) 797-3000
Facsimile: (309) 797-3330
Email:  jdoak@katzlawfirm.com

8

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
| --- | --- | --- |
| | ) | |
| MR. JEFFREY MALLY | ) | Iowa Civil Rights Commission |
| 1243 DALE STREET | ) | Grimes State Office Building |
| MUSCATINE, IA 52761 | ) | 400 E. 14th Street |
| | ) | Des Moines, Iowa 50319 |
| Complaint CP# 12-18-72972      EEOC# 26A-2019-00210C | | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 7/23/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    JOHN  F. DOAK, Complainant's Attorney
    SARAH J. MILLSAP, Respondent's Attorney
    MUSCATINE LOGISTICS
    ES3



EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **John Doak**
**KATZ NOWINSKI, P.C.**
**1000 -36th Ave.**
**Moline, IL 61265**

**For: Jeffrey A. Mally**

From:  **Milwaukee Area Office**
**310 West Wisconsin Ave**
**Suite 500**
**Milwaukee, WI 53203**

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **26A-2019-00210** | **Pamela A. Bloomer,** **State & Local Program Manager** | **(414) 662-3702** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman / Th*                              11/18/2020

**Julianne Bowman,**
**District Director**

Enclosures(s)                                                                *(Date Mailed)*

cc:  **SARAH MILLSAP**
**JACKSON LEWIS**
**10050 REGENCY CIRCLE**
**STE 400**
**Omaha, NE 68114**

**For: MUSCATINE LOGISTICS, LLC**

**EXHIBIT**
**2**
tabbies

E-FILED  2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No:  LACV 025801 |
| v. | ) | |
| | ) | **AMENDED, UNOPPOSED** |
| | **)** | **MOTION FOR LEAVE TO FILE** |
| MUSCATINE LOGISTICS LLC, | ) | **AMENDED PETITION AT LAW** |
| | ) | |
| Defendant. | ) | |

Plaintiff, Jeffrey Mally, by and through his attorneys, Katz Nowinski, P.C., for his Amended, Unopposed Motion for Leave to File Amended Petition at Law against the Defendant, MUSCATINE LOGISTICS LLC, pursuant to I.C.A. Rule 1.402(4), states:

1. Plaintiff originally filed his Petition at Law in the Iowa District Court for Scott County on September 28, 2020.

2. After service on October 9, 2020, defendant appeared and moved for and was granted an extension of time to answer on October 27, 2020.

3. On November 18, 2020, the Equal Employment Opportunity Commission ("EEOC") issued plaintiff his Notice of Right to Sue.

4. After this Court granted defendant a second extension, defendant filed its Answer on December 30, 2020.

5. Pursuant to Rule 1.402(4), after an answer, "a party may amend its pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires."

6. Plaintiff moves this Court for leave to file an Amended Complaint to add his federal (ADA) claim upon receipt of his EEOC Notice of Right -to-Sue dated November 18, 2020.

1

E-FILED  2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

7.   Specifically, Plaintiff's proposed Amended Complaint merely adds as Count II a cause of action for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12111, *et. seq.*, which he now can bring pursuant to the EEOC's "Notice of Right to Sue."

8.   A proposed Amended Petition at Law is attached hereto as Exhibit 1.

9.   On February 8, 2021, after the filing of the original motion, counsel for defendant consented to the filing of this Amended Motion as an unopposed motion, and consented to the presentation of the accompanying Proposed Order granting this motion.

WHEREFORE, Plaintiff Jeffrey Mally requests that this Court grant him leave to file his Amended Petition at Law, a copy of which is attached as Exhibit 1, that the Amended Petition at Law be deemed filed as of the date of order granting said motion, and upon entry of an order allowing the Amended Petition at Law, the defendant be given an appropriate amount of time to plead in response.

JEFFREY MALLY,
Plaintiff,

MUSCATINE LOGISTICS, LLC,
Defendant,


By: /s/ John F. Doak
John F. Doak, No. AT0002143
Katz Nowinski P.C.
Attorneys for Plaintiff
1000 36th Avenue
Moline, IL 61265
Telephone: (309) 797-3000
Facsimile: (309) 797-3330
Email:  jdoak@katzlawfirm.com

By: /s/ Brock J. Pohlmeier
Brock J. Pohlmeier, #AT0014041
JACKSON LEWIS P.C.
Attorneys for Defendant
10050 Regency Circle, Suite 400
Omaha, Ne 68114
Telephone: (402) 391-1991
Facsimile: (402) 391-7363
Email: brock.pohlmeier@jacksonlewis.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

E-FILED  2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

Sarah J. Millsap, #AT0007538
Email: sarah.millsap@jacksonlewis.com
Brock J. Pohlmeier, #AT0014041
Email: brock.pohlmeier@jacksonlewis.com


 /s/ John F. Doak

E-FILED  2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

# EXHIBIT 1

E-FILED 2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

JEFFREY MALLY, )
)
    Plaintiff, )
) No:  LACV 025801
v. )
) **AMENDED**
MUSCATINE LOGISTICS LLC, ) **PETITION AT LAW**
)
    Defendant. )

      Plaintiff, Jeffrey Mally, by and through his attorneys, Katz Nowinski, P.C., for his

Amended Petition at Law against the Defendant, MUSCATINE LOGISTICS LLC, states:

## COUNT I - DISABILITY DISCRIMINATION UNDER THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

      1.  Plaintiff Jeffrey Mally ("Plaintiff" or "Mally") is and was a citizen of the State

of Iowa at all times relevant to this Complaint.

      2.  MUSCATINE LOGISTICS LLC ("Defendant" or "Muscatine Logistics") is

and was a foreign (Delaware) limited liability company authorized to do business in the

State of Iowa at all times relevant to this cause of action.

      3.  Plaintiff, at all times relevant to this cause of action, Mally was employed as a

fork truck driver by Defendant at its Muscatine, Muscatine County, Iowa, location, from

September 1993, until he was terminated on August 1, 2018.

      4.  Plaintiff timely filed his charge of discrimination with the Iowa Civil Rights

Commission ("ICRC") on December 24, 2018, and has been issued his Administrative

Release (Right to Sue) Letter by the ICRC, and has otherwise exhausted his

administrative remedies.  (Exhibit 1, a true and correct copy of the "Administrative

1

Release (Right to Sue) Letter" dated July 23, 2020, is attached hereto and made a part of this Complaint.)

   5.   At all times material to this claim, plaintiff performed his job duties to the satisfaction of his employer.

   6.   After almost 25 years of employment with defendant, in July, 2018, Plaintiff was newly diagnosed with Type II Diabetes.

   7.   Plaintiff is a person with a disability or disabilities, specifically Type II Diabetes, which affects the functioning of his endocrine system, as well as the major life activities of eating, concentrating, and working, particularly the need to do blood sugar tests while at work, the need to have a set schedule for breaks so that he could eat on a regular schedule, have snacks available and the inability to work six hours straight without a break because of his need for both a blood sugar testing and eating on the regular schedule, as well as the major life activity of seeing.

   8.   On or about July 17, 2018, after plaintiff had been off work earlier that week because he was not feeling well, plaintiff had blood work done at a doctor's appointment.

   9.   On July 18, 2018, plaintiff received a voicemail from his doctor while he was at work indicating that the tests given the day before showed he had extremely high blood sugar and extremely low sodium and was to report to the closest ER as soon as possible.

   10.   That same day and on his way out, plaintiff played the voicemail message to his warehouse manager, who gave plaintiff permission to leave work early go to the ER.

   11.   Approximately three hours later, Mally called his warehouse manager to inform him he was in intensive care and would be off work until his blood sugar was

E-FILED 2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

under control; the warehouse manager did not answer but a man who referred to himself as his boss' boss told him he would relay the message.

12.   On July 18, 2018, plaintiff was diagnosed with Type II diabetes.

13.   Mally requested time off work to get his blood sugar under control.

14.   Mally additionally contacted Aetna, the administrator of defendant's plan, who represented that an e-mail had been sent to defendant's Human Resource Manager explaining that plaintiff's absence(s) should be covered under the Americans with Disabilities Act.

15.   Defendant received an e-mail from Aetna explaining that plaintiff's absence should be covered under the Americans with Disabilities Act.

16.   Aetna further informed plaintiff that Aetna sent an e-mail to defendant indicating that defendant needed to consider an ADA extension of time as an accommodation for plaintiff's diabetes disability.

17.   On July 26, 2018, plaintiff returned (or attempted to return) to work with a doctor's note covering his days off work.

18.   Defendant refused to allow plaintiff to return.

19.   On August 1, 2018, defendant terminated plaintiff.

20.   Defendant terminated plaintiff for absences covered under the doctor's note as well as the short term disability of which it had been advised by Aetna.

21. Defendant's alleged reason for termination was a pre-text to the real reason for plaintiff's termination.

22. Defendant terminated plaintiff because of his disability, diabetes or Type II diabetes.

23. Defendant discriminated against plaintiff on the basis of his disability in violation of Iowa Code § 216.6.

24. As a direct and proximate result of defendant's acts of disability discrimination, plaintiff has suffered damages, including loss of pay and benefits, mental and emotional distress, and is further entitled to recover his costs, including reasonable attorneys' fees and expert witness fees, pursuant to Iowa Code § 216.15.

WHEREFORE, Jeffrey Mally hereby requests that this Court enter judgment in his favor and against MUSCATINE LOGISTICS LLC, for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to Iowa Code § 216.15, and that the court grant such other and further equitable relief as the court deems necessary and appropriate.

## COUNT II - DISABILITY DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111, *Et. Seq.*.

1. Plaintiff Jeffrey Mally ("Plaintiff" or "Mally") is and was a citizen of the State of Iowa at all times relevant to this Complaint.

2. MUSCATINE LOGISTICS LLC ("Defendant" or "Muscatine Logistics") is and was a foreign (Delaware) limited liability company authorized to do business in the State of Iowa at all times relevant to this cause of action.

3. Plaintiff, at all times relevant to this cause of action, Mally was employed as a fork truck driver by Defendant at its Muscatine, Muscatine County, Iowa, location, from September 1993, until he was terminated on August 1, 2018.

4

E-FILED  2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

4.  Plaintiff timely filed his charge of discrimination with the Iowa Civil Rights Commission ("ICRC") and the Equal Employment Opportunity Commission ("EEOC") on December 24, 2018, and has been issued his Administrative Release (Right to Sue) Letter by the EEOC, and has otherwise exhausted his administrative remedies.  (Exhibit 2, a true and correct copy of the "Notice of Right to Sue" dated November 18, 2020, is attached hereto and made a part of this Complaint.)

5.  At all times material to this claim, plaintiff performed his job duties to the satisfaction of his employer.

6.  After almost 25 years of employment with defendant, in July, 2018, Plaintiff was newly diagnosed with Type II Diabetes.

7.  Plaintiff is a person with a disability or disabilities, specifically Type II Diabetes, which affects the functioning of his endocrine system, as well as the major life activities of eating, concentrating, and working, particularly the need to do blood sugar tests while at work, the need to have a set schedule for breaks so that he could eat on a regular schedule, have snacks available and the inability to work six hours straight without a break because of his need for both a blood sugar testing and eating on the regular schedule, as well as the major life activity of seeing.

8.  On or about July 17, 2018, after plaintiff had been off work earlier that week because he was not feeling well, plaintiff had blood work done at a doctor's appointment.

9.  On July 18, 2018, plaintiff received a voicemail from his doctor while he was at work indicating that the tests given the day before showed he had extremely high blood sugar and extremely low sodium and was to report to the closest ER as soon as possible.

E-FILED 2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

10.   That same day and on his way out, plaintiff played the voicemail message to his warehouse manager, who gave plaintiff permission to leave work early go to the ER.

11.   Approximately three hours later, Mally called his warehouse manager to inform him he was in intensive care and would be off work until his blood sugar was under control; the warehouse manager did not answer but a man who referred to himself as his boss' boss told him he would relay the message.

12.   On July 18, 2018, plaintiff was diagnosed with Type II diabetes.

13.   Mally requested time off work to get his blood sugar under control.

14.   Mally additionally contacted Aetna, the administrator of defendant's plan, who represented that an e-mail had been sent to defendant's Human Resource Manager explaining that plaintiff's absence(s) should be covered under the Americans with Disabilities Act.

15.   Defendant received an e-mail from Aetna explaining that plaintiff's absence should be covered under the Americans with Disabilities Act.

16.   Aetna further informed plaintiff that Aetna sent an e-mail to defendant indicating that defendant needed to consider an ADA extension of time as an accommodation for plaintiff's diabetes disability.

17.   On July 26, 2018, plaintiff returned (or attempted to return) to work with a doctor's note covering his days off work.

18.   Defendant refused to allow plaintiff to return.

19.   On August 1, 2018, defendant terminated plaintiff.

20.   Defendant terminated plaintiff for absences covered under the doctor's note as well as the short-term disability of which it had been advised by Aetna.

6

E-FILED  2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

21. Defendant's alleged reason for termination was a pre-text to the real reason for plaintiff's termination.

22. Defendant terminated plaintiff because of his disability, diabetes or Type II diabetes.

23. Pursuant to 42 U.S.C. § 12112: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

24. Plaintiff is an employee who, pursuant to 42 U.S.C. § 12111, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds …"

25. Defendant is an employer as that term is defined in the ADA, 42 U.S.C. § 12111, because it is "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."

26. Defendant violated 42 U.S.C. § 12112, in that it has discriminated against plaintiff on the basis of his disability and/or by disparately treating him on the basis of his known disability or disabilities.

27. As a direct and proximate result of the disability discrimination, plaintiff has suffered damages in the form of loss of enjoyment of life, emotional pain and suffering in the past, present and future.

28. Plaintiff is also entitled to recover his costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000-e(5)(k).

E-FILED 2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

29.  Plaintiff is also seeking an award of punitive or exemplary damages due to defendant's intentional acts of disability discrimination.

30.  In support of awarding punitive damages, plaintiff alleges that defendant's conduct demonstrates intentional or willful misconduct or a gross indifference to, or a reckless disregard of, the public policy of this State that employees are to be free from discrimination or ternmination based on disability; defendant's conduct targets the financially vulnerable and the conduct is the result of intentional malice.

WHEREFORE, Jeffrey Mally hereby requests that this Court enter judgment in his favor and against MUSCATINE LOGISTICS LLC, for affirmative relief including back wages and benefits, loss of employment, reinstatement or front pay, compensatory damages, plus prejudgment interest and the costs of the action, and an amount equal to reasonable attorneys' fees and court costs, including expert witness fees, pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000-e(5)(k), punitive damages, and that the court grant such other and further equitable relief as the court deems necessary and appropriate. **Plaintiff demands a trial by jury on all appropriate claims.**

JEFFREY MALLY,
Plaintiff,


By: /s/ John F. Doak
John F. Doak, No. AT0002143
Katz Nowinski P.C.
Attorneys for Plaintiff
1000 36th Avenue
Moline, IL 61265
Telephone: (309) 797-3000
Facsimile: (309) 797-3330
Email:  jdoak@katzlawfirm.com

E-FILED  2021 FEB 09 9:41 AM MUSCATINE - CLERK OF DISTRICT COURT

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| MR. JEFFREY MALLY | ) | Iowa Civil Rights Commission |
| 1243 DALE STREET | ) | Grimes State Office Building |
| MUSCATINE, IA 52761 | ) | 400 E. 14th Street |
|  | ) | Des Moines, Iowa 50319 |
| Complaint CP# 12-18-72972      EEOC# 26A-2019-00210C | | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 7/23/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    JOHN  F. DOAK, Complainant's Attorney
    SARAH J. MILLSAP, Respondent's Attorney
    MUSCATINE LOGISTICS
    ES3



EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   **John Doak**<br>**KATZ NOWINSKI, P.C.**<br>**1000 -36th Ave.**<br>**Moline, IL 61265**<br><br>**For: Jeffrey A. Mally** | From:   **Milwaukee Area Office**<br>**310 West Wisconsin Ave**<br>**Suite 500**<br>**Milwaukee, WI 53203** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **26A-2019-00210** | **Pamela A. Bloomer,**<br>**State & Local Program Manager** | **(414) 662-3702** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/Th*                                          11/18/2020

Enclosures(s)                    **Julianne Bowman,**                    *(Date Mailed)*
                                 **District Director**

cc:   **SARAH MILLSAP**
      **JACKSON LEWIS**
      **10050 REGENCY CIRCLE**
      **STE 400**
      **Omaha, NE 68114**

      **For: MUSCATINE LOGISTICS, LLC**

EXHIBIT
2

E-FILED          LACV025801 - 2021 FEB 09 10:08 AM          MUSCATINE
CLERK OF DISTRICT COURT          Page 1 of 2

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | | |
|---|---|---|
| JEFFREY MALLY, | ) | |
| | ) | |
| Plaintiff, | ) | No:  LACV 025801 |
| | ) | |
| v. | ) | |
| | ) | **ORDER ON AMENDED, UNOPPOSED** |
| | **)** | **MOTION FOR LEAVE TO FILE** |
| MUSCATINE LOGISTICS LLC, | ) | **AMENDED PETITION AT LAW** |
| | ) | |
| Defendant. | ) | |

This cause comes on for hearing on the Amended, Unopposed Motion for Leave to File Amended Petition at Law filed by Plaintiff, the court being advised in the premises, it is hereby ORDERED:

1. Plaintiff's Amended, Unopposed Motion for Leave to File Amended Petition at Law is granted.

2. The Amended Petition at Law attached to the Motion for Leave to File Amended Petition at Law is deemed filed as of the date of this Order.

3. Defendant shall have 21 days to file responsive motions or pleadings to the Amended Petition at Law.

IT IS SO ORDERED.

E-FILED                    LACV025801 - 2021 FEB 09 10:08 AM          MUSCATINE
                           CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

**Case Number**        **Case Title**
LACV025801             JEFFREY MALLY V. MUSCATINE LOGISTICS LLC
**Type:**              OTHER ORDER

So Ordered

Tom Reidel, District Court Judge,
Seventh Judicial District of Iowa

Electronically signed on 2021-02-09 10:08:07