# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## DAVENPORT DIVISION

| | |
|---|---|
| JEFFREY MALLY, | ) Case No. 3:21-cv-18 |
| Plaintiff, | ) |
| v. | ) **ANSWER TO AMENDED PETITION** |
| | ) **AND AFFIRMATIVE DEFENSES** |
| MUSCATINE LOGISTICS, LLC, | ) |
| Defendant. | ) |

COMES NOW Defendant Muscatine Logistics, LLC ("Defendant"), by and through undersigned counsel, and hereby submits its Answer and Affirmative Defenses to Plaintiff Jeffrey Mally's ("Plaintiff") Amended Petition at Law ("Amended Petition") and states as follows:

**COUNT 1 – DISABILITY DISCRIMINATION UNDER THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, ET SEQ.**

1. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 1 and, therefore, denies same.

2. Defendant admits the allegations set forth in Paragraph 2.

3. Defendant denies the allegations set forth in Paragraph 3. Defendant avers that it employed Plaintiff as a forklift driver from June 2004 until his employment was terminated on August 1, 2018.

4. Defendant admits Plaintiff filed a charge of discrimination on December 24, 2018 and received an Administrative Release from the Iowa Civil Rights Commission dated July 23, 2020. Defendant denies the remaining allegations set forth in Paragraph 4.

5. Defendant denies the allegations set forth in Paragraph 5.

6. Defendant denies that it employed Plaintiff for almost 25 years. Defendant avers that it employed Plaintiff as a forklift driver from June 2004 until his employment was terminated on August 1, 2018. Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 6 and, therefore, denies same.

7. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 7 and, therefore, denies same.

8. Defendant denies that Plaintiff was off work prior to July 17, 2018 because he was not feeling well. Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 8 and, therefore, denies same.

9. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 9 and, therefore, denies same.

10. Defendant denies the allegations set forth in Paragraph 10.

11. Defendant denies the allegations set forth in Paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 12 and, therefore, denies same.

13. Defendant denies the allegations set forth in Paragraph 13.

14. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 14 and, therefore, denies same.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant denies that Aetna sent it an email indicating that Defendant "needed to consider an ADA extension of time as an accommodation for Plaintiff's diabetes disability."

Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 16 and, therefore, denies same.

17. Defendant denies the allegations set forth in Paragraph 17.

18. Defendant denies the allegations set forth in Paragraph 18.

19. Defendant admits that allegations set forth in Paragraph 19.

20. Defendant denies the allegations set forth in Paragraph 20.

21. Defendant denies the allegations set forth in Paragraph 21.

22. Defendant denies the allegations set forth in Paragraph 22.

23. Defendant denies the allegations set forth in Paragraph 23.

24. Defendant denies the allegations set forth in Paragraph 24.

Defendant denies that Plaintiff is entitled to the relief requested in his unnumbered prayer for relief or any relief against Defendant whatsoever.

## COUNT 2 – DISABILITY DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111, Et. Seq..

1. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 1 and, therefore, denies same.[1]

2. Defendant admits the allegations set forth in Paragraph 2.

3. Defendant denies the allegations set forth in Paragraph 3. Defendant avers that it employed Plaintiff as a forklift driver from June 2004 until his employment was terminated on August 1, 2018.

4. Defendant admits Plaintiff filed a charge of discrimination on December 24, 2018 and received an Administrative Release from the Iowa Civil Rights Commission dated July 23,

---

[1] Defendant mirrors the numerical sequence included in Plaintiff's Amended Complaint for ease of reference.

2020 and the Equal Employment Opportunity Commission dated November 18, 2020. Defendant denies the remaining allegations set forth in Paragraph 4.

5. Defendant denies the allegations set forth in Paragraph 5.

6. Defendant denies that it employed Plaintiff for almost 25 years. Defendant avers that it employed Plaintiff as a forklift driver from June 2004 until his employment was terminated on August 1, 2018. Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 6 and, therefore, denies same.

7. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 7 and, therefore, denies same.

8. Defendant denies that Plaintiff was off work prior to July 17, 2018 because he was not feeling well. Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 8 and, therefore, denies same.

9. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 9 and, therefore, denies same.

10. Defendant denies the allegations set forth in Paragraph 10.

11. Defendant denies the allegations set forth in Paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 12 and, therefore, denies same.

13. Defendant denies the allegations set forth in Paragraph 13.

14. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 14 and, therefore, denies same.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant denies that Aetna sent it an email indicating that Defendant "needed to consider an ADA extension of time as an accommodation for Plaintiff's diabetes disability." Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 16 and, therefore, denies same.

17. Defendant denies the allegations set forth in Paragraph 17.

18. Defendant denies the allegations set forth in Paragraph 18.

19. Defendant admits that allegations set forth in Paragraph 19.

20. Defendant denies the allegations set forth in Paragraph 20.

21. Defendant denies the allegations set forth in Paragraph 21.

22. Defendant denies the allegations set forth in Paragraph 22.

23. Defendant admits the allegations set forth in Paragraph 23.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 24.

25. Defendant admits the allegations set forth in Paragraph 25.

26. Defendant denies the allegations set forth in Paragraph 26.

27. Defendant denies the allegations set forth in Paragraph 27.

28. Defendant denies the allegations set forth in Paragraph 28.

29. Defendant denies the allegations set forth in Paragraph 29.

30. Defendant denies the allegations set forth in Paragraph 30.

Defendant denies that Plaintiff is entitled to the relief requested in his unnumbered prayer for relief or any relief against Defendant whatsoever.

## **JURY DEMAND**

Defendant admits Plaintiff seeks a jury trial in this matter.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations and inferences contained in Plaintiff's Petition are hereby denied.

## AFFIRMATIVE DEFENSES[2]

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a cause of action upon which relief may be granted and fails to allege sufficient facts necessary to state a claim.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for damages fails, in whole or in part, because he has failed to mitigate his alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's own acts or omissions caused or contributed to any damages he claims he incurred.

## FOURTH AFFIRMATIVE DEFENSE

To the extent discovery may disclose a factual basis for this defense, any recovery on Plaintiff's Petition as a whole, and each purported cause of action alleged therein, is barred in whole or part by the after-acquired evidence doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Petition as a whole, and each purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and unclean hands.

---

[2] By asserting these defenses, Defendant does not intend to shift the applicable burden of proof regarding Plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE

At all times pertinent herein, Plaintiff was not a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8), and therefore he has no standing to initiate this action and no right to any relief under the A.D.A.

### SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was a qualified individual with a disability as defined by the A.D.A., Defendant had no knowledge thereof.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff never requested or sought a reasonable accommodation.

### NINTH AFFIRMATIVE DEFENSE

Defendant's decision to terminate Plaintiff's employment was based on legitimate, non-discriminatory reasons.

Defendant intends to rely on any other defenses that may become available, appear during, or are the result of further action in this matter, and hereby reserves its right to amend this Answer to assert such defenses.

WHEREFORE, having fully answered the Petition, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's Petition with prejudice, and enter an order granting to the Defendant its attorneys' fees, costs, and expenses incurred in defending this action, as well as any other relief the Court deems just and equitable under the circumstances.

DATED this 9th day of March 2021.

Respectfully submitted,

MUSCATINE LOGISTICS, LLC,
Defendant

*/s/ Sarah J. Millsap*
Sarah J. Millsap, #AT0007538
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Ne 68114
Telephone:  (402) 391-1991
Facsimile:  (402) 391-7363
Email: sarah.millsap@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the court's electronic filing system which sent notification of such filing to all parties of record.

*/s/ Sarah J. Millsap*

4842-0680-5471, v. 1