IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT

| | |
|---|---|
| JEFFREY MALLY,<br><br>  Plaintiff,<br><br>vs.<br><br>MUSCATINE LOGISTICS, LLC,<br><br>  Defendant. | 3:21-cv-00018-SMR-HCA<br><br>**REPORT AND RECOMMENDATION CONCERNING DISMISSAL OF PLAINTIFF'S CLAIMS** |

Plaintiff, Jeffrey Mally, filed a one-count Complaint against Defendant, Muscatine Logistics, LLC, in state district court on September 28, 2020. ECF No. 1. Defendant removed the case to this Court on March 2, 2021. *Id*. Plaintiff's complaint was brought pursuant to Iowa Code § 216.6, Unfair Employment Practices. *Id*. at ¶ 23. Plaintiff alleges he was unlawfully terminated from his employment with Defendant due to absences related to his disability, diabetes, or Type II diabetes. *Id*. at ¶ 20.

A Scheduling Conference was set for April 19, 2021. ECF No. 9. Attorney Doak appeared on behalf of Plaintiff and Attorney Brock J. Pohlmeier appeared for Defendant. ECF No. 10. Following the scheduling conference, the Court adopted the parties' proposed scheduling order and discovery plan and set discovery deadlines and a trial date in the case. ECF No. 11. Also, on April 19, 2021, the Court set several telephonic status conferences. ECF No. 13.

On May 21, 2021, Defendant served Plaintiff with Interrogatories and Requests for Production. ECF No. 32 at ¶ 3. On June 21, 2021, Plaintiff's counsel requested an extension through July 16, 2021, to respond to the discovery request. Though granted, Plaintiff failed to

respond to discovery by July 16. *Id*. at ¶ 5. Plaintiff responded to the discovery requests on July 23, 2021. *Id*. at ¶ 6. On September 1, 2021, Defendant sent a letter to Plaintiff identifying deficiencies in Plaintiff's responses. *Id*. at ¶ 7. Plaintiff failed to: identify the subject matter about which any witness has knowledge; provide any information on prior civil litigation, provide a computation of the alleged damages, provide information about his efforts to secure employment after his termination, identify individuals with knowledge of his claims, provide documentation of his mitigation of damages, and provide any medical records to support his disability and emotional distress claims. *Id*. at ¶ 8. On September 1, 2021, Defendant served its second set of Interrogatories seeking the name and address of all healthcare providers whom Plaintiff visited for a specified period of time. *Id*. at ¶¶ 10, 11. Plaintiff failed to respond to these discovery requests. *Id*. at ¶¶ 12, 13.

On October 5, 2021, Plaintiff's counsel, John F. Doak filed a Motion to Withdraw as Attorney. ECF No. 17. The Court granted the motion on October 7, 2021 and gave Plaintiff thirty (30) days to report to the Court whether he retained new counsel, would continue pro se, or dismiss the case. ECF No. 20. The Court held its first status conference on 10/18/2021 however the Plaintiff failed to appear telephonically.  ECF NO. 23. The Court attempted to contact Plaintiff by phone but was unsuccessful. Defendant's counsel indicated there were discovery deficiencies they wished to discuss with the Court. The Court rescheduled the status conference to November 15, 202, to give the Plaintiff an opportunity to appear and respond. ECF No. 24. The Court also entered an order directing Plaintiff to call in for the status conference, if pro se. *Id.* The Court mailed the docket entries to Plaintiff. On November 3, 2021, Plaintiff filed a status report indicating he was representing himself in the case. ECF No. 25. The next status conference was held on November 15, 2021. ECF NO. 27. Plaintiff appeared pro se. *Id*. During

the status conference, the Court made the parties aware of the deadlines. Plaintiff indicated he received a copy of the discovery requests made by the Defendant and was in the process of supplementing his responses to the first set of interrogatories and responding to the second set. Plaintiff was not sure if his attorney had provided him with his responses to the discovery requests therefore Defendant emailed the Plaintiff with a copy of the discovery responses immediately following the status conference. ECF No. 32 at ¶ 19. The Court again reviewed the deadlines with Plaintiff and Plaintiff understood he was to respond to discovery. Following the status conference, the Court entered an order directing the Plaintiff to respond to Defendant's discovery requests by no later than December 10, 2021. ECF No. 26. The Court mailed the Order to Plaintiff. The Court held another status conference on December 16, 2021. ECF No. 29. Defendant again advised the Court of discovery deficiencies and that Plaintiff had failed to comply with the Court's order ordering him to respond to discovery by December 10, 2021. ECF No. 28. Plaintiff indicated to the Court that he was awaiting medical records and other records from his prior attorney. The Court was clear with Plaintiff that he was to respond with whatever documents he had that were responsive to the discovery requests. The Court then granted the Plaintiff until December 31, 2021, to respond to the outstanding discovery requests. ECF No. 30. The Court also advised the Plaintiff that sanctions could be imposed, including dismissal of the case, if he continued to ignore the Court's orders and failed to comply with discovery. *Id*. The Court mailed the docket entries to Plaintiff. On December 30, 2021, Plaintiff sent a letter to Defendant listing the names of companies Plaintiff contacted about employment in the Fall of 2018, along with other limited information, however Plaintiff failed to provide any response to the second set of interrogatories, which seeks the names of his medical providers, and failed to address his response deficiencies. ECF No. 32 at ¶¶ 24, 25.

On January 7, 2022, Defendant filed a Motion for Order to Show Cause. ECF No. 31. Plaintiff did not file any response to the motion. In light of Plaintiff's failure to comply with Court orders regarding discovery, the Court held a Show Cause telephonic hearing on January 31, 2022, to allow Plaintiff to show cause as to why this cause should not be dismissed for failure to comply with Court-ordered deadlines. ECF No. 35. Plaintiff appeared pro se. *Id*. Defendant advised the Court of the Plaintiff's failure to comply with the Courts two previous orders ordering the Plaintiff to comply with discovery. ECF No. 32. Defendant noted that Plaintiff failed to provide or supplement his discovery responses, nor did Plaintiff reach out the Defendant to seek an extension. *Id.* Defendant sought dismissal of Plaintiff's claim. *Id.* Specifically, Defendant claims that Plaintiff has not supplemented his deficient responses to Interrogatories 3, 4, 5, and 8 and failed to respond to Requests for Production 16 and 17. Plaintiff responded that he believed he had already provided a list of his medical providers to Defendant but was unable to point the Court to any documentation to support that assertion. Defendant also denied having received such information from Plaintiff. Additionally, in prior status conferences, Plaintiff acknowledged he had not provided such information but was working to provide it to Defendant. The Court granted Plaintiff the benefit of the doubt once again and gave Plaintiff until the end of business day on January 31, 2021, to provide Defendant with a list of his medical providers. ECF No. 36. Plaintiff was also ordered to fully respond and supplement his answers to Interrogatories and Requests for Production by the end of business day February 2, 2022. *Id*. The Court also ordered the Defendant to file a status update by February 3, 2022, regarding Plaintiff's compliance with the Court's January 31, 2022 Order. *Id*. On February 3, 2022, Defendant filed a status report indicating to the Court that Plaintiff once again failed to comply with the Court's order. ECF No. 37.

**IT IS RESPECTFULLY RECOMMENDED** that Judge Rose dismiss Plaintiff's claim for failure to cooperate in discovery and failure to comply with Court orders. Fed. R. Civ. P. 37(b)(2)(A)(v); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Plaintiff has failed to participate in relevant and required discovery and has failed to comply with Court orders.

**IT IS ORDERED** that Plaintiff has until **February 17, 2022** to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objection filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See Fed. R. Civ. P. 72. Failure to timely file objections may constitute a waiver of Plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated February 3, 2022.

Helen C. Adams
Chief U.S. Magistrate Judge